Theresa Nelson Ruck (0072521)
Attorney for Plaintiffs JoAnn
Snyder and Larry Snyder

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION, CINCINNATI

| | | |
|---|---|---|
| **JO ANN SNYDER, et al** | ) | Case No. 1:13-cv-284 |
| | ) | |
| Plaintiffs | ) | Senior Judge S. Arthur Spiegel |
| | ) | |
| | ) | <u>Jury Demand Endorsed Herein</u> |
| | ) | |
| | ) | **PLAINTIFFS' FIRST AMENDED** |
| | ) | **COMPLAINT FOR COMPENSATORY** |
| v. | ) | **DAMAGES FOR CONSTITUTIONAL** |
| | ) | **RIGHTS VIOLATIONS, 42 U.S.C.** |
| | ) | **§ 1983, 28 U.S.C. § 2671, AND OTHER** |
| **UNITED STATES OF AMERICA, et al** | ) | **TORTIOUS ACTIONS** |
| | ) | |
| Defendants. | ) | |

Plaintiffs JoAnn Snyder ("J. Snyder") and Larry Snyder ("L. Snyder") (collectively referred to herein as "Plaintiffs"), based upon information and belief, hereby state for their Complaint against the United States of America ("USA"), Federal Bureau of Investigation ("FBI"), City of Cincinnati ("Cincinnati"), FBI Agent Chris Giordano ("Giordano"), John Doe agents or employees of the Federal Bureau of Investigation ("John Doe FBI"), Cincinnati Police Officer Jason O'Brien ("O'Brien")(previously identified as "P. O'Brien") and John Doe Officers or employees of the Cincinnati Police Department ("John Doe CPD") (collectively referred to herein as "Defendants") as follows:

### Parties, Jurisdiction and Venue

1.     JoAnn Snyder and Larry Snyder are citizens and residents of the State of Ohio.

1

Theresa Nelson Ruck (0072521)
Attorney for Plaintiffs JoAnn
Snyder and Larry Snyder

2.      Defendant USA is the unit of the federal government organized under the laws of the United States of America and maintains oversight and control over federal government agencies including, but not limited to, the Federal Bureau of Investigation.

3.      Defendant FBI is an agency of Defendant USA organized under the laws of the United States of America which operates as a federal law enforcement unit. Defendant FBI maintains and operates an office in Cincinnati, Ohio.

4.      Defendant Cincinnati is a unit of local government organized under the laws of the State of Ohio and maintains oversight and control over local government agencies including, but not limited to, the Cincinnati Police Department. Cincinnati Police Department ("CPD") operates as a local law enforcement unit for the City of Cincinnati, Ohio.

5.      Defendant Giordano is an employee of the FBI, an agency of USA, and is being sued in both his individual and official capacity. Based upon information and belief, Defendant Giordano is a resident and citizen of the state of Ohio and works in the FBI's Cincinnati, Ohio office.

6.      Based upon information and belief, Defendant O'Brien is a resident and citizen of the State of Ohio.  Defendant O'Brien is an employee of the CPD, and is being sued in both his individual and official capacity.

7.      John Doe agent(s) or employees of the FBI and John Doe officer(s) or employees of the CPD are individuals who participated in the events at issue giving rise to the claims set forth herein. The specific individuals identified as John Doe FBI and John Doe CPD cannot currently be identified.

Theresa Nelson Ruck (0072521)
Attorney for Plaintiffs JoAnn
Snyder and Larry Snyder

8.      This Court has exclusive and original jurisdiction over all federal claims in this action pursuant to 28 U.S.C. §§ 1331, 1343(a) and 1346(b)(1). This Court also has jurisdiction over all state law claims in this action pursuant to 28 U.S.C. § 1367.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (e) due to a substantial portion of the events giving rise to the claims asserted herein occurring in this district.

## NATURE OF CLAIMS

10.     Plaintiffs bring these claims for Federal and State law violations arising from the wrongful arrest, search, imprisonment, and assault of Plaintiff J. Snyder on April 17, 2012. Defendants lacked probable cause to file an affidavit, complaint and/or arrest warrant for Plaintiff J. Snyder which lead to her wrongful detention, arrest, search, imprisonment and assault due to Defendants' unconstitutional and negligent policies, practices, customs and actions.

## FACTUAL INFORMATION

11.     On April 17, 2012, J. Snyder was pulled over by the West Chester Ohio Police Department and her car was surrounded by three (3) West Chester Police cruisers. J. Snyder was interrogated and asked to provide identification to confirm her identity.

12.     Upon complying with requests for identification, J. Snyder was advised a warrant had been issued for her arrest on charges of drug trafficking - an F2 offense - through the Hamilton County, Ohio Court of Common Pleas (Case No. B1202837) and Municipal Court (Case No. 12/CRA/11218).

13.     The charges and arrest warrant issued against J. Snyder were based upon a complaint and sworn affidavit filed by the CPD and signed by Officer O'Brien.

3

Theresa Nelson Ruck (0072521)
Attorney for Plaintiffs JoAnn
Snyder and Larry Snyder

14.     Officer O'Brien's sworn affidavit and complaint states that on or about December 8, 2011, at 2151 Hattmaker (sic) Street in Cincinnati, Ohio, "Mrs. Snyder did sell twice bulk amount of oxycodone to another within vicinity of a school."

15.     Plaintiff J. Snyder is not the individual who committed the criminal act or was involved in the criminal activity alleged in the complaint, affidavit and/or arrest warrant.

16.     The name of individual who committed the criminal act and was involved in the criminal activity alleged in the complaint, affidavit and/or arrest warrant is not "JoAnn Snyder."

17.     In December 2011, a joint task force between the FBI's Cincinnati, Ohio office and the CPD called the "Safe Streets Task Force" was utilizing the services of a confidential informant. The identity of the confidential informant is unknown to Plaintiffs.

18.     The confidential informant provided information to FBI agents that a woman named Stephanie Snyder and her mother were selling pills believed to be "Oxy."

19.     Based upon information and belief, the sole information provided by the confidential informant regarding Stephanie Snyder's alleged mother is that her first name may be JoAnn (spelling unknown).

20.     FBI case agent, Agent Giordano, conducted a driver's license search for any female within a certain age group (50's-60's) in the Cincinnati, Ohio metropolitan area named "JoAnn Snyder." The search resulted in the identification of one individual, Plaintiff J. Snyder.

21.     FBI Agent Giordano showed Plaintiff J. Snyder's Ohio driver's license photograph to the confidential informant who indicated that the woman who was allegedly selling "Oxy" and the woman in the driver's license photograph ***could be*** the same person if the woman in the driver's license photograph had been using drugs for an extended period of time since the photo was taken.

4

Theresa Nelson Ruck (0072521)
Attorney for Plaintiffs JoAnn
Snyder and Larry Snyder

22.     In cooperation with the FBI and CPD, the confidential informant arranged to purchase 60 pills of "Oxy" from Stephanie Snyder and her mother on or about December 8, 2011.

23.     The purchase was witnessed by FBI Agent Giordano, another unidentified FBI agent and at least one CPD officer, believed to be Officer O'Brien, from a distance of unknown range while they were sitting in vehicles on the street outside the building.

24.     The FBI agents and CPD officers failed to make a positive identification or confirm the identity of the woman involved in the transaction on December 8, 2011.

25.     "JoAnn" was not arrested nor was she interrogated on December 8, 2011.

26.     Approximately one month later, FBI Agent Giordano contacted "JoAnn," and along with another FBI agent arranged to meet her face to face.

27.     During this meeting, FBI Agent Giordano does not recall if he asked the woman to identify herself, or if he referred to her as "JoAnn" or "JoAnn Snyder." The FBI agents did not request the woman produce any identification nor did they review any identification of this woman during the face to face meeting.

28.     The FBI agents did not obtain or ask for any information or details regarding this woman, such as her name, date of birth, address, or social security number, to confirm her identity.

29.     It is unknown whether this individual ever provided her name or identified herself in any way much less identified herself as "JoAnn Snyder."

30.     It is known that this individual's last name is not Snyder.

Theresa Nelson Ruck (0072521)
Attorney for Plaintiffs JoAnn
Snyder and Larry Snyder

31.     Without any actual confirmation or verification of this woman's name, or reviewing any identifying information, this individual somehow became identified by FBI agents and CPD officers as "JoAnn Snyder."

32.     Without any verification or confirmation, the driver's license information of Plaintiff J. Snyder was falsely connected with the woman FBI agents and CPD officers identified as "JoAnn Snyder."

33.     The FBI chose not to pursue any charges against "JoAnn Snyder" and turned over their case file to the CPD and Officer O'Brien in January 2012.

34.     The FBI case file had no information nor any identification for the woman observed participating in a sale of "Oxy" in December 2011.

35.     The FBI case file only contained information and identification for Plaintiff J. Snyder who did not participate in any sale of "Oxy" in December 2011.

36.     Stephanie Snyder has been in the custody of either the FBI or CPD; however, based upon information and belief, she was never asked to confirm the relationship, identity or name of her "mother" by FBI agents or CPD officers.

37.     The woman involved in the sale of pills with Stephanie Snyder and interviewed by FBI agents is not Stephanie Snyder's mother. These two individuals are not related and do not share the same last name.

38.     The woman, involved in the exchange of "Oxy" pills on December 8, 2011, is not and has never gone by the name JoAnn Snyder. Her last name is not Snyder. Her actual name is unknown to Plaintiffs but is known by Defendants.

Theresa Nelson Ruck (0072521)
Attorney for Plaintiffs JoAnn
Snyder and Larry Snyder

39.     On April 16, 2012, an affidavit, complaint and arrest warrant executed by Officer

O'Brien for charges of drug trafficking against Plaintiff J. Snyder was filed with the Hamilton

County, Ohio Clerk of Courts.

40.     The basis for the complaint, affidavit and arrest warrant issued in Hamilton

County, Ohio against Plaintiff J. Snyder was the false information provided by the FBI to the

CPD.

41.     The CPD did not conduct any further investigation or inquiry into the identity of

"JoAnn Snyder" prior to filing the affidavit, complaint and arrest warrant on April 16, 2012.

42.     The individual who was actually involved in the exchange of "Oxy" pills on

December 8, 2011, and subsequently interviewed by the FBI, was not identified in the affidavit,

compliant or arrest warrant filed on April 16, 2012 and was not the person arrested for drug

trafficking on April 17, 2012.

43.     On April 17, 2012, Plaintiff J. Snyder was placed under arrest for drug trafficking.

She was placed in handcuff restraints, and placed in the back of a police cruiser.

44.     J. Snyder waited in a police cruiser for over an hour, was then taken to the West

Chester Police Station and waited there for approximately three more hours.

45.     Approximately three to four hours after being arrested, J. Snyder was transferred

into the custody of the CPD and taken to the Hamilton County Justice Center to be processed.

46.     Upon arrival of the Justice Center, J. Snyder was subjected to further interrogation

and search of her personal items by police and corrections officers. She was forced to provide a

DNA swab, was fingerprinted and had her mug shot taken.

47.     J. Snyder was subjected to a full body strip search including being required to

remove all of her clothing, squat naked and cough in front of officers.

Theresa Nelson Ruck (0072521)
Attorney for Plaintiffs JoAnn
Snyder and Larry Snyder

48.     J. Snyder was then placed into a holding cell at the Justice Center, and was not given any food or water until 5:30 a.m. the following morning - over 15 hours after her arrest.

49.     On April 18, 2012, at 9:00 a.m., J. Snyder was arraigned on the false drug trafficking charges.

50.     J. Snyder was released at 11:30 a.m. on $1000 bond on April 18, 2012, over twenty-two (22) hours after being falsely arrested.

51.     On April 27, 2012, the Hamilton County grand jury ignored the charges against J. Snyder.

52.     Irrespective of numerous efforts to address the wrongful arrest and false charges against J. Snyder that began on April 17, 2012, the charges remained pending until an entry expunging all records related to the grand jury no bill was entered by Hamilton County Judge Charles J. Kubicki, Jr. on August 15, 2012.

53.     J. Snyder has endured the stress and fear of being falsely arrested, imprisoned, and assaulted without cause. She has lost weight and been unable to sleep since her imprisonment.  She is afraid to leave her home, visit her grandchildren, or drive her car for fear that she will be falsely arrested and imprisoned again.

54.     J. Snyder fears people will become aware of her arrest, the charges, see her mug shot that was displayed on various internet websites and that these baseless charges will appear on background checks for volunteer or employment opportunities.

55.     J. Snyder has suffered and will continue to suffer emotional and physical damages and well as damage to her reputation due to the false charges.

Theresa Nelson Ruck (0072521)
Attorney for Plaintiffs JoAnn
Snyder and Larry Snyder

56.     L. Snyder has suffered the loss of J. Snyder's services, assistance, aid, society, companionship, and conjugal relationship between husband and wife due to the injuries and damage sustained by J. Snyder as a result of Defendants' actions.

57.     On October 31, 2012, a complaint was served upon the FBI and the U.S. Department of Justice seeking compensation for the negligent actions of the FBI agents which occurred during the course of their employment in accordance with 28 U.S.C. § 2401(b).

58.     Plaintiffs' claim was denied on April 15, 2013. Plaintiffs are dissatisfied with this determination, thus having exhausted their administrative remedies required by the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq., and are permitted to pursue all available tort claims against Defendants USA, FBI, Gordiano, and John Doe FBI.

CLAIM ONE
(*Bivens* and/or 42 U.S.C. § 1983 - Constitutional and/or Civil Rights Violations)
(ALL DEFENDANTS)

59.     Plaintiff J. Snyder hereby asserts a civil action for compensatory damages pursuant to her violations of her constitutional rights (recognized by *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 29 L.Ed.2d 619, 91 S.Ct. 1999 (1971) ("*Bivens*")) and/or violations of 42 U.S.C. §1983, as properly applicable to the parties identified herein, against Defendants for violating J. Snyder's constitutional and/or civil rights. Plaintiff J. Snyder incorporates by reference all statements, facts and allegations set forth in paragraphs 1-58 as if fully restated herein and further states as follows:

60.     Defendants USA, FBI, and Cincinnati are responsible for the violation of J. Snyder's civil rights resulting from interrelated de facto policies, procedures and/or customs which include, but are not limited to, to a failure to properly train, supervise, discipline, transfer, monitor, counsel or otherwise control their respective employees and agents and/or a ratification

Theresa Nelson Ruck (0072521)
Attorney for Plaintiffs JoAnn
Snyder and Larry Snyder

or acquiescence of their employees and agents' unlawful actions in violation of J. Snyder's constitutionally protected and guaranteed rights.

61.     Defendants Giordano, O'Brien, John Doe FBI and John Doe CPD were acting under the USA, FBI, and Cincinnati's standard, official and/or unofficial policies, customs or procedures which resulted in a gross violation of J. Snyder's constitutionally protected and guaranteed rights.

62.     Defendants USA, FBI, Cincinnati, Giordano, O'Brien, John Doe FBI and John Doe CPD have under color of law deprived J. Snyder of her rights, privileges, and immunities secured by the United States Constitution, Ohio Constitution, and/or federal and state law by their actions which resulted in the events described herein.

63.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff J. Snyder has suffered damages, including, but not limited to, pain, suffering, emotional distress, aggravation, humiliation, frustration, damage to her reputation, and the like, as well as attorney's fees.

64.     Therefore, Plaintiff J. Snyder is entitled to judgment in her favor and to recover compensatory damages and losses against all Defendants, jointly and severally, for violations of her constitutional rights, *Bivens* claims, and/or violations of 42 U.S.C. §1983, as properly applicable to the parties identified herein, in an amount to be determined at trial.

CLAIM TWO
(*Bivens* and/or 42 U.S.C. §1983 for Civil Conspiracy to Violate Plaintiff's Constitutional and/or
Civil Rights)
(ALL DEFENDANTS)

65.     Plaintiff J. Snyder hereby asserts a claim against all Defendants pursuant to *Bivens* and/or 42 U.S.C. §1983 due to the Defendants' conspiracy to violate her constitutional

Theresa Nelson Ruck (0072521)
Attorney for Plaintiffs JoAnn
Snyder and Larry Snyder

and/or civil rights. Plaintiff incorporates by reference all statements, facts and allegations set forth in paragraphs 1-64 as if fully restated herein and further states as follows:

66.     Defendants engaged, participated, arranged, contributed, knew, and/or should have known that J. Snyder was not the subject person involved in any illegal activity at issue.

67.     Defendants USA, FBI, Giordano, and John Doe FBI provided false and defamatory information to Defendants Cincinnati, O'Brien, and John Doe CPD, knowing and intending for Defendants to act upon that information.

68.     Defendants Cincinnati, O'Brien and John Doe CPD did, in fact, act upon that information.

69.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff J. Snyder has suffered damages, including, but not limited to, pain, suffering, emotional distress, aggravation, humiliation, frustration, damage to her reputation, and the like, as well as attorney's fees.

70.     Therefore, Plaintiff J. Snyder is entitled to judgment in her favor and to recover compensatory damages and losses against all Defendants, jointly and severally, for violations of Plaintiff's constitutionally protected rights under *Bivens* and/or 42 U.S.C. §1983 in an amount to be determined at trial.

CLAIM THREE
(Equal Protection)
(ALL DEFENDANTS)

71.     Plaintiff J. Snyder hereby asserts a civil action for compensatory damages against all Defendants for their wrongful conduct leading to J. Snyder's unlawful arrest, search and imprisonment in violation of her constitutional right to equal protection. Plaintiff incorporates by

Theresa Nelson Ruck (0072521)
Attorney for Plaintiffs JoAnn
Snyder and Larry Snyder

reference all statements, facts and allegations set forth in paragraphs 1-70 as if fully restated herein and further states as follows:

72.     Defendants' violation of J. Snyder's right to equal protection guaranteed by federal and state law directly and proximately caused Plaintiff J. Snyder's injuries.

73.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff J. Snyder has suffered damages, including, but not limited to, pain, suffering, emotional distress, aggravation, humiliation, frustration, damage to her reputation, and the like, as well as attorney's fees.

74.     Therefore, Plaintiff J. Snyder is entitled to judgment in her favor and to recover compensatory damages and losses against all Defendants, jointly and severally, for their violation of her constitutional right to equal protection in an amount to be determined at trial.

<u>CLAIM FOUR</u>
<u>(Negligent Hiring, Failure to Train, Negligent Retention and Supervision)</u>
<u>(Defendants USA, FBI, and Cincinnati)</u>

75.     Plaintiff J. Snyder hereby asserts a claim for compensatory damages against Defendants USA, FBI, and Cincinnati for negligent hiring, failure to train, negligent retention and/or supervision. Plaintiff incorporates by reference all statements, facts and allegations set forth in paragraphs 1-74 as if fully restated herein and further states as follows:

76.     Defendants USA, FBI, and Cincinnati negligently hired, failed to train, negligently retained and/or supervised their employees, agents and/or representatives.

77.     Defendants USA, FBI, and Cincinnati negligent conduct, policies and practices directly and proximately caused Plaintiff J. Snyder's injuries including, but not limited to, pain, suffering, emotional distress, aggravation, humiliation, frustration, damage to her reputation, and the like, as well as attorney's fees.

Theresa Nelson Ruck (0072521)
Attorney for Plaintiffs JoAnn
Snyder and Larry Snyder

78.     Therefore, Plaintiff J. Snyder is entitled to judgment in her favor and to recover compensatory damages and losses against Defendants, jointly and severally, for their negligent hiring, failure to train, negligent retention and/or supervision in an amount to be determined at trial.

## CLAIM FIVE
### (False Arrest and Imprisonment)
### (ALL DEFENDANTS)

79.     Plaintiff J. Snyder hereby asserts a claim for false and wrongful arrest and imprisonment against all Defendants. Plaintiff incorporates by reference all statements, facts and allegations set forth in paragraphs 1-78 as if fully restated herein and further states as follows:

80.     Defendants' conduct, described herein, constitutes a false or wrongful arrest and imprisonment of J. Snyder.

81.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff J. Snyder has suffered damages, including, but not limited to, pain, suffering, emotional distress, aggravation, humiliation, frustration, damage to her reputation, and the like, as well as attorney's fees.

82.     Therefore, Plaintiff J. Snyder is entitled to judgment in her favor and to recover compensatory damages and losses against all Defendants, jointly and severally, for her false and wrongful arrest and imprisonment in an amount to be determined at trial.

## CLAIM SIX
### (Assault)
### (ALL DEFENDANTS)

Theresa Nelson Ruck (0072521)
Attorney for Plaintiffs JoAnn
Snyder and Larry Snyder

83.     Plaintiff J. Snyder hereby asserts a claim for assault against all Defendants. Plaintiff incorporates by reference all statements, facts and allegations set forth in paragraphs 1-82 as if fully restated herein and further states as follows:

84.     Defendants' conduct and actions, described herein, constitute and were the proximate cause of an assault against J. Snyder.

85.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff J. Snyder has suffered damages, including, but not limited to, pain, suffering, emotional distress, aggravation, humiliation, frustration, damage to her reputation, and the like, as well as attorney's fees.

86.     Therefore, Plaintiff J. Snyder is entitled to judgment in her favor and to recover compensatory damages and losses against all Defendants, jointly and severally, for her assault in an amount to be determined at trial.

<u>CLAIM SEVEN</u>
<u>(Malicious Prosecution)</u>
<u>(Defendants Cincinnati, O'Brien and John Doe CPD)</u>

87.     Plaintiff J. Snyder hereby asserts a claim for malicious prosecution against Cincinnati, O'Brien and John Doe CPD. Plaintiff incorporates by reference all statements, facts and allegations set forth in paragraphs 1-86 as if fully restated herein and further states as follows:

88.     Defendants Cincinnati, O'Brien and/or John Doe CPD initiated and continued to pursue J. Snyder for baseless charges for several months.

89.     J. Snyder was wrongly accused and charged with drug trafficking.

Theresa Nelson Ruck (0072521)
Attorney for Plaintiffs JoAnn
Snyder and Larry Snyder

90.     Therefore, Plaintiff J. Snyder is entitled to judgment in her favor and to recover compensatory damages and losses against Defendants Cincinnati, O'Brien and John Doe CPD, jointly and severally, for malicious prosecution in an amount to be determined at trial.

CLAIM EIGHT
(Abuse of Process)
(Defendants Cincinnati, O'Brien and John Doe CPD)

91.     Plaintiff J. Snyder hereby asserts a claim against Defendants Cincinnati, O'Brien and John Doe CPD for abuse of process. Plaintiff incorporates by reference all statements, facts and allegations set forth in paragraphs 1-90 as if fully restated herein and further states as follows:

92.     Defendants Cincinnati, O'Brien and John Doe CPD initiated and continued to pursue J. Snyder for baseless criminal charges for several months.

93.     J. Snyder was wrongly accused and charged with drug trafficking.

94.     Therefore, Plaintiff J. Snyder is entitled to judgment in her favor and to recover compensatory damages and losses against Defendants Cincinnati, O'Brien, jointly and severally, for abuse of process in an amount to be determined at trial.

CLAIM NINE
(Negligence)
(ALL DEFENDANTS)

95.     Plaintiffs J. Snyder hereby asserts a claim for negligence against all Defendants. Plaintiff incorporates by reference all statements, facts and allegations set forth in paragraphs 1-94 as if fully restated herein and further states as follows:

96.     Defendants owed a duty of care to Plaintiff, which Defendants violated by their actions and/or failure to act.

Theresa Nelson Ruck (0072521)
Attorney for Plaintiffs JoAnn
Snyder and Larry Snyder

97.     Defendants negligent conduct directly and proximately caused Plaintiff J. Snyder's injuries including, but not limited to, pain, suffering, emotional distress, aggravation, humiliation, frustration, damage to her reputation, and the like, as well as attorney's fees.

98.     Therefore, Plaintiff J. Snyder is entitled to a judgment in her favor against Defendants, jointly and severally, for their negligent actions in an amount to be determined at trial.

CLAIM TEN
(Negligent and/or Intentional Infliction of Emotional Distress)
(ALL DEFENDANTS)

99.     Plaintiffs J. Snyder and L. Snyder hereby assert a claim for negligent and/or intentional infliction of emotional distress against all Defendants. Plaintiffs incorporate by reference all statements, facts and allegations set forth in paragraphs 1-98 as if fully restated herein and further state as follows:

100.    Defendants owed a duty of care to Plaintiffs, which was violated by their actions and/or failure to act.

101.    Defendants' negligent conduct directly and proximately caused Plaintiff J. Snyder and L. Snyder's injuries including, but not limited to, pain, suffering, emotional distress, aggravation, humiliation, frustration, and the like.

102.    Defendants' conduct was extreme and outrageous causing both Plaintiffs severe emotional distress.

103.    Therefore, Plaintiffs J. Snyder and L. Snyder are entitled to a judgment in their favor against Defendants, jointly and severally, in an amount to be determined at trial.

CLAIM ELEVEN
(Loss of Consortium)
(ALL DEFENDANTS)

16

Theresa Nelson Ruck (0072521)
Attorney for Plaintiffs JoAnn
Snyder and Larry Snyder

104. Plaintiff L. Snyder hereby asserts a cause of action for loss of consortium against all Defendants. Plaintiff L. Snyder incorporates by reference all statements, facts and allegations set forth in paragraphs 1-103 as if fully restated herein and further states as follows:

105. Plaintiffs J. Snyder and L. Snyder are husband and wife.

106. Due to the injuries sustained by J. Snyder resulting from the unconstitutional, wrongful and/or negligent actions of Defendants, Plaintiff L. Snyder has lost the services, assistance, aid, society, companionship, and conjugal relationship between husband and wife.

107. Therefore, Plaintiff L. Snyder is entitled to a judgment in his favor against Defendants, jointly and severally, in an amount to be determined at trial.

CLAIM TWELVE
(Punitive Damages)
(ALL DEFENDANTS)

108. Plaintiffs J. Snyder and L. Snyder incorporate by reference all statements, facts and allegations set forth in paragraphs 1-107 as if fully restated herein and further state as follows:

109. Defendants acted in a continuing pattern of wrongful conduct with actual malice and/or conscious, reckless, intentional, willful and wanton disregard for the rights and safety of J. Snyder and that had significant probability of causing substantial and permanent harm to J. Snyder and L. Snyder.

110. As a direct and proximate result of Defendants' pattern of wrongful conduct with actual malice and/or conscious, reckless, intentional, willful and wanton disregard for the rights and safety of J. Snyder, both Plaintiffs did, in fact, suffer damages reasonably believed to be in

17

Theresa Nelson Ruck (0072521)
Attorney for Plaintiffs JoAnn
Snyder and Larry Snyder

excess of $75,000. Plaintiffs have further incurred costs of litigation, including but not limited to,

reasonable attorneys fees and court costs.

111.    Therefore, unless prohibited by federal or state law, Plaintiffs are entitled to an

award of punitive damages.

### RELIEF REQUESTED

**WHEREFORE**, J. Snyder and L. Snyder respectively pray for judgment in their favor

against Defendants USA, FBI, Cincinnati, Giordano, O'Brien, John Doe FBI and John Doe CPD

on each claim for relief asserted herein and further request an award of damages against

Defendants USA, FBI, Cincinnati, Giordano, O'Brien, John Doe FBI and John Doe CPD, jointly

and severally, unless prohibited by federal or state law, as follows:

(A)    Economic and non-economic compensatory monetary damages for each of

Plaintiffs' claims for relief in an amount to be determined at trial but in an amount no less than

$75,000.00 for each independent claim;

(B)    Punitive damages;

(C)    Pre-judgment interest and post-judgment interest;

(D)    Attorney's fees, all costs and expenses associated with bringing this action; and

(E)    Any additional further relief as this Court deems just, equitable and/or necessary

in the interest of justice.

Respectfully submitted,

Theresa Nelson Ruck (0072521)
Attorney for Plaintiffs JoAnn
Snyder and Larry Snyder


     *s/Theresa Nelson Ruck*

Theresa Nelson Ruck (0072521)
Attorneys for Plaintiffs JoAnn Snyder and Larry Snyder
Sams, Fischer, Packard & Schuessler, LLC
8738 Union Centre Blvd.
West Chester, OH 45069
Phone (513) 860-4747

Fax (513) 860-2807
tnruck@sfpslaw.com


## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues in this action.


    *s/Theresa Nelson Ruck*
Theresa Nelson Ruck

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing has been filed with the court via the electronic filing system and served upon Matthew J. Horwitz, Assistant United States Attorney, 221 East Fourth Street, Suite 400, Cincinnati, Ohio 452020, counsel for the United States of America, the Federal Bureau of Investigation and Agent Chris Giordano, and Peter Stackpole, Assistant City Solicitor, Room 214, City Hall, 801 Plum Street, Cincinnati, Ohio 45202, counsel for the City of Cincinnati, Cincinnati Police Department and Officer Jason O'Brien, on this 23rd day of July 2013.

    *s/Theresa Nelson Ruck*
Theresa Nelson Ruck